Ex parte CHARLES LANDERS.

No. A-3903. Opinion Filed Aug. 16, 1921.
(200 Pac. 266.)

In the matter of the application of Charles Landers for a writ of habeas corpus. Rule to show cause discharged, and writ denied.

B. F. Garrett, for petitioner.

A. V. Dinwiddie, for respondent.

PER CURIAM. Petitioner, Charles Landers, filed in this court on the 29th day of December, 1920, petition for writ of habeas corpus, claiming that he was illegally restrained of his liberty in the county jail of Logan county by Ed Robertson, sheriff of said county, on a commitment issued out of the county court of said county on a judgment of conviction rendered in said court on the 23d day of October, 1920; but petitioner alleged and contended that an appeal had been taken from said judgment to this court, and an appeal bond approved, and that the time for taking said appeal had not expired when said commitment was issued. Upon the filing of said petition in this court, a rule to show cause why the writ should not be granted was issued to Ed Robertson, sheriff of said county, returnable on the 3d day of January, 1921.

An examination of the record before us discloses that a judgment for a conviction of a violation of the prohibitory liquor laws was rendered in the county court of Logan county against petitioner on the 23d day of October, 1920, and that at said time the court allowed petitioner 60 days within which to perfect said appeal, and that said 60 days expired on December 22, 1920, without any further order having been made or entered by said court allowing petitioner any additional time within which to lodge an appeal in this court; that the petitioner was not committed to the custody of the sheriff until the 23d day of December, 1920.

Response to the petition shows that after the rule to show cause why the writ should not be issued was granted by this court, petitioner applied to the county court of Logan county for an order of an entry nunc pro tunc showing that on the 21st day of December, 1920, petitioner had been granted an additional extension of 30 days to perfect an appeal from said judgment, but on hearing said motion the trial court denied the same on the ground that no application had been made for such an order prior to the expiration of the original sixty days, nor had any such extension been granted by the trial court.

From the record before us it is clear that petitioner is not entitled to the relief prayed for. The rule to show cause, therefore, is discharged and the writ denied.